JOHN O'MASTER, Respondent, v. NEW YORK CITY OMNIBUS CORPORATION, Appellant.

Judgment affirmed, with costs. No opinion.

Present — Martin, P. J., Glennon, Untermyer, Dore and Cohn, JJ.; Martin, P. J., and Dore, J., dissent and vote to reverse and grant a new trial; dissenting opinion by Dore, J.

DORE, J. (dissenting). Plaintiff was injured when his bicycle came in contact with the left rear end of defendant's bus after the bus had stopped for a red light. In the complaint and the bill of particulars the sole negligence specified is the failure to give plaintiff warning when the bus came to a sudden stop. There was no claim that the bus swerved or turned to the left before the accident. In the

report of the accident made to the police by one of plaintiff's fellow riders, there was no claim the bus had swerved. The police officer testified that plaintiff's witness who reported the accident (at the police station shortly after it happened) stated at the time that the bus came to a stop for a signal light and the plaintiff ran into the rear of the bus. On the trial, however, the real basis of the claimed negligence was a different claim then asserted for the first time, viz., a sudden swerve of the bus to the left without notice or signal as it came to a stop.

The bus passed three feet to plaintiff's right seventy-five feet from the corner of One Hundred and Twentieth street and Lenox avenue, where the accident happened. Plaintiff claimed that as it passed it started to swerve to the left. Yet plaintiff's witnesses testified the bus was standing still when the collision occurred; that plaintiff was three or four feet away from its left rear end and going about twelve to fifteen miles an hour; and that there was an open passageway about the width of a car to the left of the bus unimpeded by other traffic. Plaintiff himself testified: "A. Well, as I turned my wheel so suddenly it just threw me off the bicycle and threw me in this fashion (illustrating). It threw me over the front of the bicycle and, as I was trying to protect myself too, at the same time, it just threw me and my arm — my back of the arm hit the grill, or whatever it was I don't know."

In such state of facts, assuming a three-foot swerve spread over a space seventy-five feet in length, if plaintiff could not turn to the left to avoid the bus but crashed into the left rear end with such force as to leave the imprint of the grill work on his left arm, was it not because plaintiff failed to keep his bicycle under proper control?

In such a case as this where defendant had no notice, report or claim of accident at the time it happened, the testimony of plaintiff's witnesses warrants closer scrutiny than in the ordinary case where defendant is notified at the time and is able to present its own version of the facts.

The judgment in plaintiff's favor should be reversed and a new trial ordered.

Martin, P. J., concurs with Dore, J.